UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
-----------------------------------------------X
Monica Escolar Kaplan,

                Plaintiff,                Civil Action No.:_____

      against

WFNNB/ABERCROMBIE & FITCH,         **COMPLAINT AND DEMAND**
and EXPERIAN INFORMATION             **FOR TRIAL BY JURY**
SOLUTIONS, INC.,

             Defendants.
-------------------------------------------------X

Plaintiff Monica Escolar Kaplan ("Plaintiff" or "Kaplan"), by and through her attorneys, FREDRICK SCHULMAN & ASSOCIATES, as and for her Complaint against the Defendants WFNNB/ABERCROMBIE & FITCH ("ABERCROMBIE") and EXPERIAN INFORMATION SOLUTIONS, INC ("Experian"), respectfully sets forth, complains and alleges, upon information and belief, the following:

### INTRODUCTION/PRELIMINARY STATEMENT

1.      Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendants' violation(s) of 15 U.S.C. Sec. 1681 *et seq.*, commonly referred to as the Fair Credit Reporting Act ("FCRA").

### PARTIES

2.      Plaintiff is a resident of the State of Florida, County of Broward, with an address at PO Box 813832, Hollywood, Florida 33081, and is a "consumer" as that term is defined by 15 U.S.C. Sec. 1681a(c).

1

3.	Defendant ABERCROMBIE is a creditor with a principal place of business at 4590 East Broad Street, Columbus, Ohio 43213, and, upon information and belief, is authorized to do business in the State of Florida.

4.	Defendants Experian Information Solutions ("Experian") is a consumer data collection company with its corporate headquarters located at 475 Anton Blvd, Costa Mesa, CA 92626.

5.	Defendant Experian is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

## JURISDICTION AND VENUE

6.	The Court has jurisdiction over this matter pursuant to 28 U.S.C. Sec. 1331, as well as 15 U.S.C. Sec. 1681 et. seq. and 28 U.S.C. Sec. 2201.  If applicable, the Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. Sec. 1367(a).

7.	Venue is proper in this judicial district pursuant to 28 U.S.C. Sec. 1391(b)(2).

## FACTUAL ALLEGATIONS

8.	Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "7" herein with the same force and effect as if the same were set forth at length herein.

9.	Plaintiff's creditworthiness has been repeatedly compromised by the joint and several acts and omissions of the Defendants.

10.	Upon information and belief, a consumer credit card account was allegedly issued to Plaintiff by ABERCROMBIE, on a date better known to ABERCROMBIE.

11.	From about the end of 2011, ABERCROMBIE started to report false, derogatory information to credit reporting agencies including Experian, stating that the Plaintiff's account was discharged in bankruptcy.

12. This reporting was false and inaccurate because Plaintiff, in fact, never filed for bankruptcy.

13. In or around November, 2011 the Plaintiff reviewed her credit report and noticed the negative tradeline by Defendant ABERCROMBIE.

14. On or about November 29, 2011 the Plaintiff sent a certified letter to Defendant ABERCROMBIE, stating that their information is erroneous, she never filed for bankruptcy, and further requested that the entity please delete this error. (See "Exhibit A").

15. Plaintiff called Defendant ABERCROMBIE and told them that she never filed for bankruptcy. Defendant refused to acknolewdge this and threatened that they will ruin her credit if she doesn't pay up.

16. Defendant ABERCROMBIE did not delete or correct the errorneous tradeline on Plaintiff's credit report.

17. On or about March 1, 2012, the Plaintiff contested the ABERCROMBIE account information with Experian (See "Exhibit B"). Plaintiff attached her previous correspondence to ABERCROMBIE along with this letter to Experian.

18. Upon information and belief, Experian forwarded the dispute information received from Plaintiff, to the Defendant ABERCROMBIE.

19. Alternatively, Experian failed to forward the dispute information received from Plaintiff, to the Defendant ABERCROMBIE.

20. Upon information and belief, ABERCROMBIE verified it's false reporting to Experian. Experian then merely parroted the information back to third parties through its credit reporting database.

21. Experian failed in their duties to diligently investigate the claims by the Plaintiff.

22.   As a result of the derogatory information reported by ABERCROMBIE the Plaintiff had adverse action taken on existing credit accounts and was denied credit. Plaintiff has sustained actual damages including emotional distress, defamation of character and pecuniary loss.

23.   To date, Experian is still reporting this erroneous tradeline on the Plaintiff's credit report.

24.   As a result of the Defendants' joint and several actions and failures, the Plaintiff has been damaged.

### FIRST CAUSE OF ACTION
### (Violations of the FCRA)
### (as to Defendant ABERCROMBIE)

25.   Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "24" herein with the same force and effect as if the same were set forth at length herein.

26.   Defendant ABERCROMBIE, after receiving notice of a dispute pursuant to 15 U.S.C. § 1681i(a)(2) with respect to the completeness or accuracy of information provided by said Defendant to a consumer reporting agency about plaintiff, violated 15 U.S.C. § 1681s-2(b) by:

   (a) failing to conduct an investigation with respect to that disputed information;

   (b) failing to review all relevant information provided by the consumer reporting agencies regarding the dispute;

   (c) failing to report the results of the investigation to the consumer reporting agencies who gave notice of the dispute; and/or

   (d) after Defendant's investigation found that their credit reporting with respect to

Plaintiffs was in fact incomplete or inaccurate, failing to report those results to all other consumer credit reporting agencies to which Defendant furnished the disputed information and which compile credit files on consumers on a national basis.

## SECOND CAUSE OF ACTION
### (Violations of the FCRA)
### (as to Defendant Experian)

27. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "26" herein with the same force and effect as if the same were set forth at length herein.

28. Defendant Experian violated 15 U.S.C. Sec. 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information contained in a consumer report.

29. Defendant Experian violated 15 U.S.C. § 1681i by:

(a) upon being notified by plaintiff that she never filed bankruptcy and that Plaintiff disputed any credit reporting by ABERCROMBIE, failing to conduct a reasonable reinvestigation of Plaintiff's disputes and failing to timely delete the disputed items from Plaintiff's credit file;

(b) failing to provide ABERCROMBIE with all relevant information regarding the Plaintiff's disputes which defendants received from the Plaintiff;

(c) failing to review and consider all relevant information provided by Plaintiff concerning Plaintiff's disputes, within the timeframe permitted by law; and

(d) after reinvestigation, failing to promptly delete the disputed items from the Plaintiff's credit file upon finding that the items were inaccurate or incomplete or could not be verified.

## DEMAND FOR TRIAL BY JURY

30. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues in this complaint to which the Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Monica Escolar Kaplan demands judgment against the Defendants WFNNB/ABERCROMBIE & FITCH and Experian jointly and severally, as follows:

A. For actual damages to Plaintiff in the maximum sum permissible for Defendants' joint and several negligent violations provided and pursuant to 15 U.S.C. Sec. 1681o(a)(1), or in the alternative, Plaintiff is entitled to an award of actual damages for Defendants' joint and several willful noncompliance pursuant to 15 U.S.C. Sec. 1681n(a)(1)(A);

B. For an award of punitive damages in an amount to be determined at trial for Defendants' joint and several willful violations provided and pursuant to 15 U.S.C. Sec. 1681n(a)(2);

C. For an award of all costs and reasonable attorneys' fees in an amount to be determined at trial pursuant to 15 U.S.C. Sec. 1681o(a)(2);

D. For a declaration that the Defendant's joint and several practices violated the FCRA;

E. For an order directing that Defendants immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information;

F. For an order directing that Defendants send to all persons and entities to whom they have reported Plaintiff's inaccurate information within the last three years Plaintiff's updated and corrected credit report information; and

G. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: New York, New York
      February 22, 2013

Respectfully submitted,

By: s/Jerald Alan Belofsky
    Jerald Alan Belofsky, Esq. (249262)
Fredrick Schulman & Associates
Attorney for Plaintiff
30 East 29TH Street
New York, New York 10016
(212) 796-6053